# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHAWNEE TERMINAL RAILROAD CO., INC., | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CIVIL ACTION 01:09-cv-00113-KD-N ) |
| J.E. ESTES WOOD CO., INC. and A.A. NETTLES, SR. PROPERTIES, LTD. | ) ) ) ) |
| **Defendants.** | ) ) |

## ORDER

This matter is before the Court on the Magistrate Judge's Supplemental Report and Recommendation (Doc. 38), which incorporates the Magistrate Judge's Original Report and Recommendation (Doc. 18); as well as Plaintiff's objections (Docs. 39-40) and Defendants' response (Doc. 44). The Magistrate Judge has recommended that this case be dismissed for lack of subject matter jurisdiction. Specifically the Magistrate Judge has determined that both federal question jurisdiction and diversity jurisdiction are absent. As to federal question jurisdiction, the undersigned adopts in toto the Magistrate Judge's opinion that Plaintiff's attempt to claim federal question jurisdiction based on a criminal statute is unpersuasive. The Magistrate Judge's opinion that diversity jurisdiction has not been proven is also adopted, but warrants some discussion.

The Court agrees that the evidence before the Magistrate Judge was insufficient to establish diversity jurisdiction. The lack of clarity reflected in Plaintiff's original submissions contributes to this determination. As an aside, the parties' pleadings appear to interpret the Magistrate Judge's opinion as insinuating misconduct on the part of Plaintiff's counsel. The Court clarifies that it does

1

not find that Plaintiff's counsel, who are highly regarded by this Court, engaged in any inappropriate gamesmanship. Rather, the Court finds that Plaintiff's evidence was simply insufficient to uphold its burden of persuasion that diversity jurisdiction exists.

In connection with its objections to the Magistrate Judge's Supplemental Report and Recommendation, Plaintiff has submitted evidence attempting to clarify the nature of its operations. That evidence takes the form of a supplemental affidavit from the CEO of Shawnee Terminal Railroad. (See Doc. 39-2). However, as correctly pointed out by Defendants, Local Rule 72.4(c) forbids a party from submitting additional evidentiary material when it objects to a magistrate judge's recommendation regarding dispositive matters. Accordingly this Court has not considered the supplemental affidavit in determining whether the Plaintiff met its burden to establish diversity jurisdiction.

Plaintiff also points out that "[a] number of district courts," including the Magistrate Judge in this case, "have misinterpreted" what plaintiff characterizes as the Eleventh Circuit's "unequivocal instruction" to "'give the[] 'nerve-center'-related facts greater significance' in determining principal place of business" when "a company's activities are not concentrated in one place." (Doc. 40; Pl.'s Br. at 12) (citing MacGinnitie v. Hobbs Group, LLC, 420 F.3d 1234, 1239 (11th Cir. 2005) . The court does not agree with Plaintiff's observation regarding the extent of the Eleventh Circuit's holding in MacGinnitie .

Several federal courts, including the Magistrate Judge in this case, have relied upon, rather than misinterpreted, an incorrect version of the Eleventh Circuit's opinion in MacGinnitie.[1]

---

[1]Upon noting a discrepancy between the version of the MacGinnitie available at the foregoing cite and the version available at 2005 WL 2787316 (11th Cir. 2005), this Court consulted the version of the Eleventh Circuit's opinion available on PACER ("Public Access to

However, this fact does not change the outcome in this case. The correct passage indicates that when the results of the "nerve center" and "place of activities" tests diverge, and "a company's activities are not concentrated in one place, a district court *is entitled* 'to give these nerve-center-related facts greater significance' in determining principal place of business." Id. (citing Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005) (emphasis added). Although the Eleventh Circuit in MacGinnitie certainly authorized district courts to give greater weight to nerve-center evidence when the outcomes of the "nerve center" and "place of activities" tests differ, its pronouncement on the subject by no means constitutes an "unequivocal instruction." Reviewing the issue de novo, the court finds no error in the Magistrate Judge's application of the total activities test.

Based upon the foregoing, the Magistrate Judge's Supplemental Report and Recommendation (Doc. 38) is hereby **ADOPTED**, Defendant's Motion to **DISMISS** (Doc. 24) is hereby **GRANTED**, and Defendant's earlier-filed Motions to Dismiss are hereby **DENIED as moot** (Docs. 5 & 6). The Clerk of Court is hereby ordered to terminate the Magistrate Judge's original Report and Recommendation (Doc. 18) as **MOOT**. A Judgment consistent with the terms of this Order shall issue contemporaneously herewith.

**DONE** and **ORDERED** this the 18th day of September, 2009.

---

Court Electronic Records," the electronic public access service that allows users to obtain case and docket information from federal courts) and determined that the foregoing version of the opinion is correct. According to Westlaw publisher Thomson Reuters, The Bureau of National Affairs ("BNA") published the 2005 WL 2787316 version of the opinion. Thomson Reuters' Customer Service, whom this Court notified regarding the misquotation, indicates that it has submitted the error to its editors for review.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**