IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| SHAWNEE TERMINAL RAILROAD CO., INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 09-0113-KD-N |
| J.E. ESTES WOOD CO., INC., et al., | ) ) ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is again before the court on the defendants' Motion to Dismiss (doc. 38) for lack of subject matter jurisdiction. Following plaintiff's appeal (doc. 49) of the court's order (doc. 47) and judgment (doc. 48) dismissing the action, the Eleventh Circuit remanded the case in light of the Supreme Court's intervening decision in Hertz v. Friend, 130 S.Ct. 1181 (2010).

The Motion to Dismiss (doc. 24) has again been referred (doc. 55) to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636. The parties were afforded the opportunity to supplement their briefs in light of the Hertz decision (doc. 57), they have done so (docs. 56, 61,62) and the matter is now ripe for the court's consideration.

I.  Procedural History

This action was filed in this court on March 4, 2009. The Complaint (doc. 1) recited that the court had jurisdiction pursuant to both federal question and diversity of citizenship jurisdictional provisions. The defendants filed Motions to Dismiss (docs. 5, 6, 24), challenging the existence of federal jurisdiction. Following extensive briefing, the undersigned recommended (doc. 18, as supplemented doc. 38) that the court find that no federal question was

1

presented and that, under the standard set by Eleventh Circuit precedent, the plaintiff's principal place of business was in Alabama, destroying diversity. The District Judge adopted the Report and Recommendation, as clarified in the order, and dismissed the action (doc. 47, 48). Plaintiff timely appealed (doc. 49) the dismissal on the basis that the court had erred in its determination on diversity of citizenship. The Eleventh Circuit remanded (doc. 54) the case for further proceedings in light of the United States Supreme Court's intervening decision in Hertz v. Friend, 130 S.Ct. 1181 (2010)[1], which abrogated the Eleventh Circuit's former standard for determining the principal place of business of corporate parties. On remand, the parties have filed supplemental briefs (Docs. 56, 61, and 62 [ex. 1 to Motion for Leave to File Reply]) concerning the application of the Hertz standard.

Factual Background[2]

Plaintiff, Shawnee Terminal Railroad Co., Inc. ("STR"), is a short line railroad, incorporated in Iowa and is a wholly owned subsidiary of Pioneer Railcorp which is a non-carrier holding company. STR and the other subsidiaries of Pioneer Railcorp share centralized management and support services, which are centered in Peoria, Illinois. STR has railroad operations in both Alabama and Illinois.

Discussion

---

[1] On September 18, 2009 the District Judge issued an order adopting the Report and Recommendation of the undersigned that this action be dismissed for lack of subject matter jurisdiction. (Doc. 47) On February 23, 2010, the United States Supreme Court issued the Hertz opinion, resolving a split among the federal circuits the question of what test should be applied to determine a corporation's principal place of business for the purposes of diversity jurisdiction.

[2] The undersigned here summarizes the relevant findings of fact previously made in this case. The court adopted (doc. 47) the findings of fact set forth in greater detail in its Report and Recommendation (doc. 18) and Supplemental Report and Recommendation (doc. 38). The Hertz decision has changed what facts are relevant, but the parties' post-appeal submissions have not substantially altered the evidence previously considered.

In late 2009, on the Report and Recommendation of the undersigned, the District Judge entered an order dismissing this action on the basis of lack of subject matter jurisdiction. Specifically, the court concluded that plaintiff's principal place of business was Alabama and, as such, complete diversity among the parties was lacking. This determination was based on the application of the Eleventh Circuit's "total activities" test, which combined aspects of the "nerve center" and "place of activities" tests utilized in other circuits to determine a corporation's citizenship.

In early 2010, the Supreme Court abrogated precedent from numerous Circuits concerning the standard by which to determine the principal place of business of a corporation to determine the existence of diversity jurisdiction. Hertz v. Friend, 130 S.Ct. 1181, 1192 (2010). The Hertz decision adopted a version of the "nerve center" test to the exclusion of the other standards. Under the standard adopted in Hertz, the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's "nerve center." In practice, this should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, *i.e.,* the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)." Id., at 1192. "A corporation's "nerve center," usually its main headquarters, is a single place." Id.

While Hertz altered the test for determining the principal place of business for a corporation, the decision did not alter the burden of persuasion: it remains on the party asserting jurisdiction. Id. at 1194. "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." Id. at 1194-95. In their supplemental brief

3

in support of the motion to dismiss defendants note that the affidavits of Michael Carr, filed in opposition to the Motion to Dismiss, were dated April 21, 2009, and September 22, 2010, and assert that the facts stated therein might not have been true on March 4, 2009, when the Complaint was filed. As correctly noted by defendants in their brief, the snapshot for determining diversity jurisdiction is at the time the complaint is filed. *See* Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570, 124 S.Ct. 1920, 1924 (2004) (diversity-of-citizenship jurisdiction depends on the state of facts as they existed at the time the complaint is filed). In response to defendants' challenges to the affidavits of Michael Carr, plaintiff has submitted a supplemental affidavit by Mr. Carr wherein he states that the facts previously stated in the two prior affidavits were true as of the date of filing of this action, and remain true to the present. (*See* Doc. 62, Exhibit 1)[3]

Defendant makes an alternative request for jurisdictional discovery. The court previously held that jurisdictional discovery was an appropriate alternative to dismissal, based in part on the complexity of the factual issue and the lack of detail in plaintiff's submissions. *See* doc. 38. The issue has become more streamlined with the adoption of the nerve center test. Plaintiff has offered evidence—albeit of a somewhat conclusory nature—which supports its assertion that the nerve center of Shawnee Terminal Railroad Company, Inc. is located in Illinois, and that all of

---

[3] A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be either a facial or factual challenge to the complaint. *See* McElmurray v. Consol. Gov't of Augusta-Richmond County, 501 F.3d 1244, 1251 (11th Cir.2007). In a facial challenge, the plaintiff has safeguards similar to those in place in a Rule 12(b)(6) motion to dismiss; the court considers the allegations as true. *See* id. Factual attacks challenge the existence of subject matter jurisdiction in fact, regardless of the pleadings, and so matters outside the pleadings such as affidavits and testimony are considered. *See* id. (citing Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir.1990)). "In the face of a factual challenge to subject matter jurisdiction, the burden is on the plaintiff to prove that jurisdiction exists." OSI, Inc. v. United States, 285 F.3d 947, 951 (11th Cir.2002) (citations omitted). The instant matter involves a factual challenge to subject matter jurisdiction.

the "direction, control, and coordination" activities occurred in Illinois through Pioneer Railcorp, and that none were conducted in Alabama. Even defendants, in their briefs on the original motion to dismiss, admitted that, "based upon the limited evidence, STR's 'nerve center' appears to be in Illinois." (Doc. 14 at p. 11).[4]

Based upon consideration of the motion to dismiss and all related briefings by the parties in it is hereby RECOMMENDED that the defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction Or, in the Alternative, For Jurisdictional Discovery, be DENIED, at this time.[5] See Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 23rd day of November, 2010.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Defendants argue that their admission was tentative, and left open the possibility of further argument on that point. Regardless, the issue goes to the jurisdiction of the court, and the parties cannot confer jurisdiction on the court by agreement. *See e.g.* The Lucy, 75 U.S. 307 (1868); Wolff v. Cash 4 Titles, 351 F.3d 1348 (11th Cir. 2003). Thus, the court does not deem defendants' admission to be a waiver of the issue.

Defendants raised an issue, in connection with authority related to the total activities test, concerning plaintiff's attempt to bootstrap the determination of its principal place of business onto its parent corporation by asserting that the parent handled all decisions for the plaintiff. Defendant has not pursued this argument in briefing under the Hertz nerve center test. If, indeed, STR's directors are the directors of Pioneer Railcorp, and all of their decisions are made in Illinois, it is difficult to see how this argument would fit under the Hertz standard.

[5] Plaintiff has made a prima facie showing that jurisdiction is proper in this court. However, jurisdiction may be challenged at any stage of the proceedings and defendants may raise this issue at a later time should evidence come to light which casts significant doubt on the plaintiff's claim that its 'nerve center' is not in Alabama. Further, as there remains pending a parallel state court action, proceeding with general discovery at the same time will not risk expending unnecessary time and effort should federal jurisdiction ultimately be found to be lacking.

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added) A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JUDGE