IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHAWNEE TERMINAL RAILROAD        )
CO., INC.                        )
                                 )
        Plaintiff,               )
                                 )
v.                               )        CIVIL ACTION NO. 09-0113-KD-N
                                 )
J.E. ESTES WOOD CO., INC., et al.,      )
                                 )
        Defendants.              )


## REPORT AND RECOMMENDATION

This matter is before the court on the defendants' Motion to Dismiss Count One of

Plaintiff's First Amended Complaint (doc. 67)[1].  In addition to plaintiff's Response (doc. 72) and

defendants' Reply (doc. 73), plaintiff filed a sur-reply (doc. 75).  The motion was referred to the

undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local

Rule 72.1(a).

Defendants' Motion seeks dismissal of Count One on the basis that the federal criminal

statute cited therein, 18 U.S.C. § 1992(a)[2], does not create a private civil cause of action.  This

---

[1]  The motion was filed by defendant J.E. Estes' Wood Company.  Defendant A.A. Nettles, Sr.
Properties, Ltd. filed a joinder (doc. 71, 74) in the Motion.

[2]  18 U.S.C. § 1992 is commonly known as the Federal Train Wreck Act.  In pertinent part,
Section 1992(a), entitled "Terrorist Attacks and other Violence against Railroad Carriers and against
Mass Transportation Systems on land, on Water, or through Air", provides criminal liability for a person
who "knowingly and without lawful authority or permission –

    (1)… sets fire to, or disables railroad on-track equipment…; [or] …

    (4) sets fire to … any--

      (A) … bridge, viaduct, trestle, track … with intent to, or knowing or having reason to
      know, such activity would likely, derail, disable, or wreck railroad on-track equipment … .

(Continued)

issue was previously briefed by the parties in connection with defendants' prior motions to dismiss for want of jurisdiction (docs. 6, 24). The Complaint asserted that Count One was a federal claim and thus was a basis for federal question jurisdiction. *See* Complaint doc. 1, at ¶ 9; Amended Complaint doc. 19, at ¶ 9.

Once the jurisdictional claim in the Complaint was challenged, plaintiff argued that Count One "stated a claim for willfully setting the fire that destroyed a railroad bridge and STR's tracks, which was in violation of 18 U.S.C. § 1992," and attempted to base the exercise of federal question jurisdiction on the need for interpretation of the federal statute (doc. 11, at 11).[3] By report and recommendation to the District Judge, the undersigned recommended that the court reject this argument.

> Plaintiff does not clearly articulate how it anticipates that the federal criminal statute cited in Count I will arise in relation to its state law claim under Count I. In its Response to the Motions to Dismiss, plaintiff merely states that "STR has alleged a state wantonness claim that turns on the interpretation of a federal interstate commerce / anti-terrorism statute. Such concerns are uniquely federal in nature, and the interpretation of the statute to determine whether a violation has occurred is a substantial federal question." (Doc. 11 at 11).
>
> In <u>Adventure Outdoors, Inc. v. Bloomberg</u>, 552 F.3d 1290, 1295 (11th Cir. 2008), the Eleventh Circuit Court of Appeals stated that there was no "general rule of exercising federal jurisdiction over state claims resting on federal ... statutory violations." <u>Id</u>. (citing <u>Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing</u>, 545 U.S. 308, 319 (2005). Rather, the Court noted

---

The terms "on-track equipment" and "railroad on-track equipment" are defined in the statutory section. The definitions do not include track or bridges themselves, but rather relate to equipment which would run on the rails, including primarily what is sometimes known as rolling stock.

[3] Plaintiff argued this as a basis for the exercise of federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See e.g.* Plaintiff's Response to Motion to Dismiss, doc. 11, at 2 ("…Defendants have wrongly argued that there is no private right of action afforded by 18 U.S.C. § 1992, …"); doc. 35, at 1 ("Pursuant to 28 U.S.C. § 1331, the Court has subject matter jurisdiction over STR's claims against Defendants for violations of 18 U.S.C. § 1992(a).")

that the cases exhibiting substantial federal questions will typically be those involving a "nearly pure issue of [federal] law," rather than those involving "fact-bound and situation-specific" contexts in which federal questions are enmeshed. <u>Id</u>.

That is clearly not the situation in the instant case. Plaintiff's claims are primarily tort claims for damage to property. The Court finds that plaintiff has failed to bear its burden to demonstrate that the possible reference to the criminal statute in seeking to prove these state property claims would be of such an integral nature that would warrant the exercise of federal jurisdiction.

(Doc.18, at 5-6)  Plaintiff did not at that time assert that Count One was a negligence/wantonness per se claim, or that it sought to use a violation of the federal statute to establish the standard of care for a state-law claim of negligence or wantonness.  *See* Restatement (Second) of Torts § 286 (1965) (addressing court discretion in adopting standard of care from statute.)[4]

Immediately following entry of the Report and Recommendation (doc. 18), plaintiff filed an Amended Complaint (doc. 19).[5]  Thereafter plaintiff filed objections to the Recommendation (docs. 20, 21), and defendants filed a second Motion to Dismiss (doc. 24).  In light of the intervening Amended Complaint and motion, the undersigned filed a Supplemental Report and

---

[4] Negligence [or wantonness] per se arises when the statute at issue creates a duty of care.  Such a claim may be a valid means to prove breach of that standard of care as, for example, where the posted speed limit may be deemed to establish a bright line duty of care.  However, the federal statute at issue in this case is based on intentional or knowing conduct, and may not provide an easier or more precise definition of the negligence or wantonness relevant to the state law claims.  Further, this is not a case in which defendants have been previously convicted of violation of the criminal statute so as to establish an intentional or knowing violation.  Where a determination that the defendants violated the federal criminal statute would require the jury to find that defendants burned the bridge knowingly, the undersigned questions whether there would be any arguably valid benefit to making a showing of violation of the federal criminal statute as a means to establish a claim of negligence or wantonness.

[5] In its Response to the second Motion to Dismiss (doc. 34, at 3 n. 2), plaintiff states that the only purpose of the amendment was to more clearly assert supplemental jurisdiction.

Recommendation (doc. 38), in which it reiterated the prior holding concerning the claim of federal question jurisdiction.[6]

In its Response to the second Motion to Dismiss, plaintiff incorporated its prior arguments on federal question jurisdiction (doc. 34, at 2 n. 1) and argued further that the court had jurisdiction over its "federal claim" for "violations of § 1992(a)", and thus had supplemental jurisdiction over its "state law claims." Id. at 3-4. Again, plaintiff made no assertion that Count One stated a claim for negligence/wantonness *per se*. The District Judge adopted the Report and Recommendation, finding that it lacked jurisdiction under either federal question or the alternative diversity of citizenship jurisdictional standards. (*See* Doc. 47)

On appeal, the Eleventh Circuit vacated and remanded the matter in light of the Supreme Court's (intervening) decision in Hertz v. Friend, 130 S.Ct. 1181 (2010), which had rejected the test in use in the Eleventh Circuit and elsewhere to establish the citizenship of a corporation for purposes of diversity of citizenship. The Circuit Court's judgment thus did not implicate this court's determination that it lacked federal question jurisdiction, though it did vacate the order so holding. On remand, having considered the parties briefs (docs. 56, 61, 62) in light of Hertz, the undersigned again entered a Report and Recommendation (doc. 65) denying defendants' second Motion to Dismiss on the grounds that in appeared that there was diversity of citizenship under the nerve center test adopted by the Supreme Court in Hertz.

The instant motion to dismiss does not raise jurisdictional issues; rather, it seeks dismissal of plaintiff's "federal claim" on the basis that the statute does not establish a private civil cause of action. Defendants alternatively argue that Count One does not state a valid claim

---

[6] In its sur-reply brief (doc. 32, at 12-13) supporting its objections, plaintiff argues that its failure to discuss the federal question holding did not work an abandonment of that issue.

of negligence/wantonness per se as now claimed by plaintiff.    Count One reads, in pertinent

part, as follows:

COUNT ONE

VIOLATION OF FEDERAL STATUTE

18.  STR adopts and incorporates paragraphs 1 through 17 of its complaint as if
set forth fully herein.

19.  Defendants willfully set the fire which destroyed Bridge 38.

20.  Defendants action was in violation of 18 U.S.C.  § 1992(a).

21.  As a proximate result of Defendants' violation of 18 U.S.C. § 1992(a)., [sic]
STR was and is unable to fulfill its common carrier obligations to the stations
north of Bridge 38, and the Defendants have thus interfered with interstate
commerce, in violation of public policy and the Interstate Commerce Act.

Doc. 19.

Defendants argue that plaintiffs can not recover damages on the "Violation of Federal

Statute" claim of Count One as the criminal statute does not establish a private cause of action.

*See* doc. 73.

Plaintiff does not claim, in connection with the instant motion, at least, that Count One

seeks damages under a federal cause of action created by the federal criminal statute.  Rather,

plaintiff argues that the language of Count One is sufficiently broad *that it could be read* to state

a state-law negligence/wantonness per se claim that is "plausible on its face,"[7] and that it

---

[7] Dismissal for failure to state a claim is appropriate when the facts as pleaded do not state a claim for
relief that is "plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).  "A
claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the misconduct alleged." Id; *see* Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 555 (2007) (holding that "a complaint requires more than labels, conclusions
and a formulaic recitation of the elements of the cause of action").   Although a complaint need not
contain detailed factual allegations, it must contain "more than an unadorned, the-defendant-unlawfully-
harmed-me accusation." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (*quoting*
Iqbal, 129 S.Ct. at 1949).   The allegation of Count One that defendants "willfully" set the fire which
destroyed the bridge is particularly questionable. *See e.g.* Locke v. Wells Fargo Home Mortg., 2010 WL
4941456 (S.D.Fla. 2010) (finding allegation of "willfull" violation of Fair Credit Collection Practices Act
inadequate under Iqbal, where it failed to include allegation of frequent calls from creditor).

5

intended to raise a state claim based on the federal criminal statute. The undersigned reviews the argument in light of the provision of Fed.R.Civ.P. 8(a)(2) requiring only a short and plain statement of the claim. Plaintiff also argues that the title it gave to Count One ("Violation of Federal Statute") is not determinative. (*See* Doc. 19)

Defendants were aware, at least with the filing of plaintiff's Response to the first Motion to Dismiss (doc. 11) on April 24, 2009, that Count One might be construed to raise a state-law cause of action, though the nature of that state law claim was not defined.[8] The subsequent filing of plaintiff's First Amended Complaint makes such a construction somewhat more reasonable. Defendants do not allege prejudice from the instant attempt to re-cast this claim as one for negligence/wantonness per se, even at this late date.[9]

The text of Count One is most reasonably read as attempting to raise a federal claim, particularly in light of the title of the section, the jurisdictional allegations of the complaint and the inclusion of allegations of interference with commerce and violation of the Interstate Commerce Act. The undersigned further finds that defendants could, and did, reasonably construe Count One as attempting to state a federal claim, that the plaintiff was aware of this reading, and that—despite arguments attempting to leave open the possibility of a state-law cause of action—intended that Count One raise a private federal civil claim under the federal criminal statute at issue. Even if a liberal reading were adequate to turn this "claim for violation of federal statute" into a state-law negligence and/or wantonness claim simply based on a standard of care set forth in a federal criminal statute, one section can not reasonably be read to

---

[8] The undersigned also notes that the Complaint includes a negligence per se claim based upon another statute, but uses substantially different language to do so.

[9] Because of the jurisdictional issue and the appeal of the ruling thereon, the defendants' Answer (doc. 69) was not filed until December 29, 2010, and discovery has not yet begun.

raise both claims. To allow the current claim language to do double duty, at one stage clearly meaning a federal claim and thereafter to mean a different kind of claim due to ambiguities in the language used, would be to invite confusion. It is inappropriate to stretch the language of a complaint to fit one claim when on its face it so clearly and unambiguously states a wholly different claim.

Accordingly, it is hereby RECOMMENDED that defendants' Motion to Dismiss Count One be GRANTED, and that Count One be DISMISSED.

See Magistrate Judge's Explanation of Procedural Rights, attached, for important information on how to proceed.

DONE this the 8th day of February, 2011.

/s/  Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
## AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. Objection. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. ' 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)   A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. Transcript (applicable where proceedings tape recorded). Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/ Katherine P. Nelson
UNITED STATES MAGISTRATE JU