**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| SHAWNEE TERMINAL RAILROAD CO. INC., *et al.*, | ) ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-00113-KD-N |
| | ) |
| J.E. ESTES WOOD CO., INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on the Plaintiff's "Motion for Leave to File Third Amended Complaint" (Doc. 127) and Defendant A.A. Nettles, Sr.'s Objection (Doc. 133).

**I.    Motion to Amend**

Pursuant to Rule 15(a) of the <u>Federal Rules of Civil Procedure</u>, a party seeking to amend its complaint after it has previously so amended, or after a responsive pleading has been filed, may do so "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED.R.CIV.P. 15(a)(2)). "However, where a party's motion to amend is filed after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." <u>See</u>, <u>e.g.</u>, <u>Sosa v. Airprint Sys.</u>, 133 F.3d 1417, 1418 n. 2 (11th Cir. 1998) (providing that "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused[]"); <u>Anderson v. Board of School Comm'rs of Mobile Cty</u>, 78 F. Supp. 2d 1266, 1268-1269 (S.D. Ala. 1999). Specifically, Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."

1

## II.  <u>Discussion</u>

The Rule 16(b) deadline to amend pleadings expired on June 30, 2011.  (Doc. 87 at 2). Plaintiff filed its motion for leave to amend on August 31, 2011, approximately two (2) months after the Court's deadline.[1]  Therefore, Rule 16(b)(4)'s "good cause" requirement governs the Court's decision whether to grant Plaintiff's motion for leave to amend.

Plaintiff seeks leave of court to file a third amended complaint to add a new claim for breach of contract against Defendant A.A. Nettles, Sr., Properties, Ltd. ("Nettles").  As grounds, Plaintiff states that while Defendant Nettles produced a 1975 lease between Louisville and Nashville Railroad Company and individual Albert A. Nettles, Sr. in response to its discovery requests,[2] Plaintiff only realized the existence of a breach of contract claim against Nettles -- based on this lease -- for the first time during the August 9, 2011 deposition of Nettles' corporate representative. Specifically, Plaintiff asserts that the deposition testimony revealed that: 1) Nettles is a limited partnership formed in 1988 comprised of family members; 2) Albert A. Nettles, Sr., died in 1990; 3) Nettles continued to lease the area around Bridge 38 since Mr. Nettles died while making payments to Alabama Railroad Co., Inc. and Plaintiff; and 4) Nettles has done nothing to keep the leased area from being a fire hazard.  (Doc. 127 at 2).

Defendant Nettles asserts, in response, that Plaintiff has failed to demonstrate "good cause" under Rule 16(b), and moreover, cites as its only reason for the delay in filing "that it could not have known about the lease prior to the deposition….on August 9, 2011."  (Doc. 133).

Defendant Nettles is correct that Plaintiff neither referenced nor addressed Rule 16(b)'s good

---

[1] Plaintiff previously filed a Second Amended Complaint (with leave of court) on July 12, 2011.  (Docs. 103, 109).

[2] Plaintiff asserts that Defendant produced the lease to support its argument that the area around Bridge 38 floods, creating a natural fire break to protect Bridge 38; Bridge 38 burned down on March 7, 2007, and the lease covers

cause requirement in its motion.  However, Defendant Nettles is not correct in asserting that Plaintiff's basis for the request is that it could not have known about the lease prior to August 9, 2011.  Rather, as detailed *supra*, Plaintiff asserts that while it already had the lease prior to August 9th, it was only on that date, through Nettles' deposition testimony, that it learned that it had a breach of contract claim against Nettles.  Additionally, while Plaintiff has not specifically referenced Rule 16(b) or asserted that it has "good cause" for filing an amended complaint at this stage of the litigation, the Court finds that Plaintiff's explanation of why the breach of contract claim was only recently realized suffices as "good cause" such that Plaintiff could not have included such a claim in their prior complaints (which were filed prior to August 9, 2011).  Thus, Plaintiff's failure to amend its complaints to add such a claim prior to the scheduling order deadline was not the result of a lack of diligence in pursuing its claims.

As such, it is **ORDERED** that Plaintiff's motion for leave to file a third amended complaint (Doc. 127) is **GRANTED.**

**DONE** and **ORDERED** this the **12**[th] day of **September 2011.**

/s/ Kristi K. DuBose_____
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

property near the area where the accident that is the subject of the lawsuit occurred.  (Doc. 127 at 1-2).

3